IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JUNE 27, 2008
08CV 3683
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE VALDEZ

| | |
|---|---|
| Michael Yauger as Trustee of Local 786 Building Material Welfare Fund and as Trustee of Local 786 Building Material Pension Fund | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| Rohar Trucking, Inc. | ) ) ) |
| Defendant. | ) |

No. EDA _____

Judge _____

Mag. Judge _____

## COMPLAINT

Plaintiff, Michael Yauger, as Trustee of Local 786 Building Welfare Fund and as Trustee of Local 786 Building Material Pension Fund Trust Fund, referred to as the "Funds" by his attorney, Jeffrey Hoff, complains against the defendant, Rohar Trucking, Inc. and in support thereof states as follows:

1.  Jurisdiction and venue are based upon Section 502(a), (e) and (f) of the Employee Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C 1132(a), (e) and (f), as more fully appears herein.

2.  Welfare Fund and Pension Fund are multi-employer employee benefit plans within the meaning of Section 3(3) and (37) of ERISA, 29 U.S.C. 1002(3) and (37), and maintains its principal place of operation at 300 S. Ashland Avenue, Chicago, Illinois.

3.  Plaintiff, Michael Yauger, is a Trustee of the Welfare Fund and a Trustee of the Pension Fund; is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. 1002(21); has been authorized by the Trustees of the Welfare Fund and the Pension Fund to bring this action on behalf of the Funds.

4.  Rohar Trucking, Inc. is an Illinois Corporation which maintains its principal place of business within the judicial district and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. 1002(5).

5.  Welfare Fund and Pension Fund are employee organizations within the meaning of Section 3(4) of ERISA, 29 U.S.C 1002(4).

1

6.　　Rohar Trucking, Inc. and Local 786 are parties to a Collective Bargaining Agreement effective November 21, 2006 through May 31, 2009 (Agreement). A true and accurate copy of the Agreement is attached hereto as Exhibit 1.

7.　　Pursuant to Article 9 and Article 10 of the Agreement, Rohar Trucking, Inc. is required to make contributions to the "Funds" required under Article 9 and Article 10 on a monthly basis.

8.　　On April 1, 2008 the Fund's auditor, Legacy Professionals LLP, conducted a payroll audit of Rohar Trucking, Inc. and determined that $12,231.00 was due and owing to the Building Material Welfare Fund and $3,096.00 was due and owing to the Building Material Pension Fund. A true and accurate copy of the payroll audit is attached hereto as Exhibit 2.

9.　　On April 18, 2008 and May 19, 2008 the fund sent letters to the Defendant demanding payment of delinquent contributions as a result of the payroll audit. A true and accurate copy of the letters is attached hereto as Exhibit 3 and Exhibit 4.

10.　　As of the date of the complaint the Defendant has ignored all requests to the submit payments for the delinquent contributions.

WHEREFORE, plaintiff Trustee Yauger respectfully requests that this court issue an order against Rohar Trucking, Inc. granting the following relief:

A.　　A judgment against defendant in the amount of $12,231.00 to the Building Material Welfare Fund;

B.　　A judgment against defendant in the amount of $3,096.00 to the Building Material Pension Fund;

C.　　A judgment on behalf of plaintiff Trustee for reasonable attorney fees and the costs of this action;

D.　　An order that this court will retain jurisdiction of this cause pending compliance with its orders; and

E.　　For such further and additional relief as may be necessary.

_____　　　　Date: 6-27-08
Jeffrey W. Hoff, Attorney for Plaintiff

300 S. Ashland/Ste. 500
Chicago, IL  60607
312 666-1875
28402

2

# Excerpts of Collective Bargaining Agreement



PLAINTIFF'S EXHIBIT 1



STATEWIDE
CONSTRUCTION AGREEMENT
with
TEAMSTER LOCALS
179, 330, 673,
& 786

CHICAGO AREA REGIONAL
ASSOCIATION

PLAINTIFF'S EXHIBIT 1

International Brotherhood of Teamsters
Joint Council No. 25

June 1, 2006 through May 31, 2009

> Self-loading equipment like P.B. and trucks with scoops on the front

*THE VEHICLES LISTED HEREUNDER SHALL BE CLASSIFIED, AND THE DRIVERS COMPENSATED FOR, BASED UPON THE NUMBER OF AXLES ON EACH VEHICLE:*

- Bulk Tank Trucks
- Buses
- Dry Batch Trucks
- Dump/Conveyer Trucks
- Fuel Trucks
- Grease Trucks
- Low Boys
- Scissor Trucks
- Service Trucks
- Telescope Trucks
- Water Trucks

**8.4** Drivers operating different types and sizes of equipment on the same day which they operate for two (2) hours or more shall be paid the rate governing the highest rated equipment operated for the entire day.

**8.5** The Association or Employer and employee agrees to notify the Union Representative when using new types of equipment not formerly used by his company. The Negotiating Committee of the Employers and the Unions shall meet to immediately negotiate the wage scale for same. The agreed rate shall be retroactive to the equipment's first day of use.

**8.6** An employee's pay shall start at whatever time the employee reports for work as instructed by the Employer, or as provided for in Article 12.3, and shall not stop until his truck is through work, including filling with gasoline and oil, if requested by the Employer.

**8.7** All employees shall be paid weekly and no more than five (5) days shall be withheld. Employee's paycheck to be ready for him not later than quitting time on designated payday.

18

**8.8** The Employer shall list on each employee's check stub the amount of straight-time hours and the amount of overtime hours as well as all deductions from the check.

**8.9** An employee who was injured on the job, and is sent home, or to a hospital, or who must obtain medical attention, shall receive pay at the applicable hourly rate for the balance of his regular straight-time shift on that day. An employee who has returned to his regular duties after sustaining a compensable injury who is required by the Employer's doctor to receive additional medical treatment during his regularly scheduled working hours shall receive his regular hourly rate of pay for the straight-time hours lost from work.

**8.10** It is agreed that no individual ready-mix trucks are to be operated other than those that are company-owned or operated.

## ARTICLE 9 - HEALTH AND WELFARE

### LOCAL 731

**9.1(a)** The Employer shall pay to the Health and Welfare Fund, Excavating, Grading and Asphalt Craft, Local No. 731, I.B. of T., (hereinafter called "Health and Welfare Fund"), located at 1000 Burr Ridge Parkway, Burr Ridge, Illinois 60527:

▼ Effective June 1, 2004 - $4.50 per hour for each employee.

\*\*There shall be an increase in wages and/or fringe benefits (Health & Welfare Fund and Pension Fund) according to the following schedule. Allocation of these amounts between wages and/or fringe benefit funds shall be determined by the Local Union thirty (30) days prior to the effective date of the increase.

Effective June 1, 2005 . . . . . . . $1.60 per hour
Effective June 1, 2006 . . . . . . . $1.75 per hour
Effective June 1, 2007 . . . . . . . $1.85 per hour
Effective June 1, 2008 . . . . . . . $2.00 per hour

19

**9.1(b) Penalty for Failure to Pay Health and Welfare:** The Employer recognizes the necessity of making prompt Health and Welfare contributions, the possibility that employees benefit standing will be placed in jeopardy if contributions are not timely made, and the concern of the Union that all eligible employees are covered by such contributions.

Whenever the Employer is delinquent in making payments to the Health and Welfare Fund, the Union may strike the Employer to force payments.

This provision shall not be subject to and is specifically excluded from the grievance procedure (Article 6). Additionally, in the event the Employer has been found to be delinquent, the Employer shall be required to pay, in addition to the actual delinquency, ten percent (10%) of the delinquent amount as liquidated damages, and accountant and attorneys fees and court costs.

### Local 786

**9.2(a)** Effective June 1, 2004**, the Employer shall contribute and pay to the Building Material Chauffeurs, Teamsters and Helpers Welfare Fund of Chicago, the sum of $227.00 per week for each employee covered by this Agreement who appears on the payroll at least two (2) calendar days in any calendar week, regardless of the number of hours worked, beginning with the first such week of employment.

**There shall be an increase in wages and/or fringe benefits (Health & Welfare Fund and Pension Fund) according to the following schedule. Allocation of these amounts between wages and/or fringe benefit funds shall be determined by the Local Union thirty (30) days prior to the effective date of the increase.

Effective June 1, 2005 ........ $1.60 per hour
Effective June 1, 2006 ........ $1.75 per hour
Effective June 1, 2007 ........ $1.85 per hour
Effective June 1, 2008 ........ $2.00 per hour

Contributions shall also be made for the weeks of paid

20

vacation, but not if the employee's vacation time occurs during a period of layoff, leave of absence, or illness. The contributions for each employee shall not exceed 52 weeks in any calendar year. The contributions of each Employer shall be paid to said Fund on a monthly basis and shall be sent by the Employer not later than the 12th day of the month following the first month of employment. If any Employer fails to pay any contribution in accordance with this paragraph, the Trustees of said Fund may assess the Employer a penalty of 50% of the contributions due, in addition to all reasonable attorney's fees and costs of collection and costs of audit.

**9.2(b)** Whenever the Trustees of the Building Material Chauffeurs, Teamsters and Helpers Welfare Fund of Chicago shall certify to the Association that the assets of said Fund are less than $250,000.00, each Employer shall contribute, effective thirty (30) days after receipt of notice thereof to the Association, an additional amount (not to exceed $.80 cents per week per employee) as determined by said Trustees for each week of employment as defined in Section 1. Such additional contributions shall continue to be made by such Employers until the said Trustees shall certify to the Association that the assets of the said Trust exceed $500,000.00, at which time such additional contributions shall cease and shall not again be resumed until the said Trustees shall again certify to the Association that the assets of the Welfare Fund Trust are less than $250,000.00.

**9.2(c)** It is understood and agreed that the sole liability of the Employer, under the above-entitled Welfare Program, shall be the payment of its contributions to the above named Welfare Trust as provided above. The Employer shall not be liable for the purchase of any Welfare Insurance or the payment of any Welfare benefit.

**9.2(d)** The Trust Agreement and Health and Welfare Agreement jointly entered into and executed shall be

21

considered as a part of this Agreement.

**9.2(e)** The Employer hereby agrees to be bound by the Agreements and Declarations of Trust creating said Welfare Fund and by any future Amendments thereto, and hereby designates as its representatives on the Board of Trustees, such Trustees as are named in said Agreements and Declarations of Trust, as Employer Trustees, together with their successors selected in the manner provided in said Agreement and Declaration of Trust, as it may be amended from time to time; and further agrees to be bound by all action taken by said Employer Trustees pursuant to said Agreement and Declaration of Trust, as amended from time to time.

**Locals 179, 301, 330, 673 and 705**

**9.3(a)** *FOR LOCAL 179* – Effective June 1, 2004**, the Employer shall pay the sum of $213.20 per week for each regular employee covered by this Agreement who performs any work in such week into a trust fund set up by the Trust Agreement now in effect in the aforementioned Union Locals for the payment of Health and Welfare benefits as determined by a Board of Trustees.

*FOR LOCAL 301* – Effective June 1, 2004**, the Employer shall pay the sum of $188.00 per week for each regular employee covered by this Agreement.

*FOR LOCAL 330* – Effective June 1, 2004**, the Employer shall pay the sum of $214.00 per week for each regular employee covered by this Agreement who performs any work in such week into a trust fund set up by the Trust Agreement now in effect in the aforementioned Union Locals for the payment of Health and Welfare benefits as determined by a Board of Trustees.

*FOR LOCAL 673* – Effective June 1, 2004**, the Employer shall pay the sum of $214.00 per week for each regular employee covered by this Agreement who performs any work in such week into a trust fund set up by the Trust Agreement now in effect in the payment of Health and Welfare benefits as determined by a Board of Trustees.

22

*FOR LOCAL 705* – Effective June 1, 2004**, the Employer shall pay the sum of $194.00 per week for each regular employee covered by this Agreement.

**There shall be an increase in wages and/or fringe benefits (Health & Welfare Fund and Pension Fund) according to the following schedule. Allocation of these amounts between wages and/or fringe benefit funds shall be determined by the Local Union thirty (30) days prior to the effective date of the increase.

Effective June 1, 2005 ........ $1.60 per hour
Effective June 1, 2006 ........ $1.75 per hour
Effective June 1, 2007 ........ $1.85 per hour
Effective June 1, 2008 ........ $2.00 per hour

**9.3(b)** Any disagreement with respect to the eligibility, time and method of payments, payments during periods of employee illness or disability, method of enforcement of payment and related matters shall be determined by such Trustees. The Fund shall in all respects be administered in accordance with the Trust Agreement. The method and amount of payment shall be as follows:

*FOR LOCAL 179:* The amount of $213.20 per employee per week effective June 1, 2004** shall be contributed for each regular employee other than casual or emergency employees, covered under the Collective Bargaining Agreement for any week in which such employee performs any service for the Employer.

*FOR LOCAL 301:* The amount of $188.00 per employee per week effective June 1, 2004**, shall be contributed for each regular employee other than casual or emergency employees.

*FOR LOCAL 330:* The amount of $214.00 per employee per week effective June 1, 2004**, shall be contributed for each regular employee other than casual or emergency employees, covered under the Collective Bargaining Agreement for any week in which such

23

employee performs any service for the Employer.

***FOR LOCAL 673:*** The amount of $214.00 per employee per week effective June 1, 2004**, shall be contributed for each regular employee other than casual or emergency employees, covered under the Collective Bargaining Agreement for any week in which such employee performs any service for the Employer.

***FOR LOCAL 705:*** The amount of $194.00 per employee per week effective June 1, 2004**, shall be contributed for each regular employee other than casual or emergency employees.

**There shall be an increase in wages and/or fringe benefits (Health & Welfare Fund and Pension Fund) according to the following schedule. Allocation of these amounts between wages and/or fringe benefit funds shall be determined by the Local Union thirty (30) days prior to the effective date of the increase.

Effective June 1, 2005 ....... $1.60 per hour
Effective June 1, 2006 ....... $1.75 per hour
Effective June 1, 2007 ....... $1.85 per hour
Effective June 1, 2008 ....... $2.00 per hour

**9.3(e)** Payment shall be made on casual or emergency employees who are defined for this purpose only, as employees who are not on a seniority list and such payment shall be made for the days actually worked at the rate of $42.64 per day for Local 179, $37.60 for Local 301, $42.80 for Local 330, $42.80 for Local 673, $38.80 for Local 705, effective June 1, 2004**.

24

**9.3(d)** If any regular employee is absent because of non-occupational illness or injury, the required $213.20 for Local 179, $188.00 for Local 301, $214.00 for Local 330, $214.00 for Local 673, $194.00 for Local 705, contribution effective June 1, 2004**, the Employer shall continue to make contributions for a period of four (4) weeks.

**There shall be an increase in wages and/or fringe benefits (Health & Welfare Fund and Pension Fund) according to the following schedule. Allocation of these amounts between wages and/or fringe benefit funds shall be determined by the Local Union thirty (30) days prior to the effective date of the increase.

Effective June 1, 2005 ....... $1.60 per hour
Effective June 1, 2006 ....... $1.75 per hour
Effective June 1, 2007 ....... $1.85 per hour
Effective June 1, 2008 ....... $2.00 per hour

**9.3(e)** If any regular employee is absent because of occupational illness or injury, the required $213.20 for Local 179, $188.00 for Local 301, $214.00 for Local 330, $214.00 for Local 673, $194.00 for Local 705, contribution, effective June 1, 2004**, the Employer shall continue to make contributions until the employee returns to work, or for a period of twelve (12) months, whichever is the shorter.

**There shall be an increase in wages and/or fringe benefits (Health & Welfare Fund and Pension Fund) according to the following schedule. Allocation of these amounts between wages and/or fringe benefit funds shall be determined by the Local Union thirty (30) days prior to the effective date of the increase.

Effective June 1, 2005 ....... $1.60 per hour
Effective June 1, 2006 ....... $1.75 per hour
Effective June 1, 2007 ....... $1.85 per hour
Effective June 1, 2008 ....... $2.00 per hour

**9.3(f)** The obligation to make the above contributions shall continue during periods when the Collective

25

Bargaining Agreement is being negotiated, except during a strike.

**9.3(g)** The Employer agrees that it is bound by and is a party to the Trust Agreements creating the Health and Welfare Fund and the Pension Fund, and all prior and subsequent amendments thereto, as if it had signed the original copy of each of the said Trust Agreements, both of which said Agreements being incorporated herein by reference and made a part hereof, the Employer hereby designates as its representatives on the Board of Trustees of said Funds such Trustees as are named in said Agreements and Declarations of Trust, as Employer Trustees, together with their successors selected in the manner provided in said Agreements and Declarations of Trust, as they may be amended from time to time; and further, agrees to be bound by all action taken by said Employer Trustees regarding and pursuant to the said Agreements and Declarations of Trust as amended from time to time.

**9.3(h) Penalty for Failure to Pay Health and Welfare:** The Employer recognizes the necessity of making prompt Health and Welfare contributions, the possibility that employees benefit standing will be placed in jeopardy if contributions are not timely made, and the concern of the Union that all eligible employees are covered by such contributions.

Whenever the Employer is delinquent in making payments to the Health and Welfare Fund, the Union may strike the Employer to force payments. This provision shall not be subject to and is specifically excluded from the grievance procedure (Article 6). Additionally, in the event the Employer has been found to be delinquent, the Employer shall be required to pay in addition to the actual delinquency, ten percent (10%) of the delinquent amount as liquidated damages, and accountant and attorney fees and court costs.

26

**9.3(i) Health and Welfare "Reserve":** The Employer agrees to deduct from the paycheck of employees covered by this Agreement, voluntary contributions to a reserve for the Health and Welfare Fund. The Employer, upon receipt of a written check-off authorization form signed by the employee, agrees to deduct the amount of sixty cents (60¢) per hour for the express purpose of reserving such monies to be used solely for the payment of self-contribution to the Health and Welfare Fund while the employee is off work, and the Employer is not obligated to contribute on his/her behalf.

The employer shall transmit such deductions on a monthly basis to the Local Union's Health and Welfare Fund, the total amount deducted along with the name of each employee on whose behalf the deduction is made, the employee's social security number and the amount deducted from that employee's paycheck.

If an employee does not deplete the entire amount of his/her "reserve" contributions, the remainder will be refunded back to the employee on June 1st of the following year. It is the express responsibility of the employee to cover any deficit, which may occur after his/her "reserve" contributions have been depleted.

Whenever the employee wishes to discontinue such deductions, he/she will notify both the Employer and the Local Union in writing before the 12th day of the month, to discontinue such deductions effective the first of the following month.

It is agreed that all such deductions will be strictly on a voluntary basis.

*The Following Shall Apply For All Local Unions*

**9.4(a)** Article 9.4(a) shall apply to all Locals and become a part of each Local's Welfare Fund.

The Employer recognizes the necessity of making prompt Health and Welfare contributions, the possibility that employee's benefit standing will be placed in

27

jeopardy if contributions are not timely made, and the concern of the Union that all eligible employees are covered by such contributions.

Whenever the Employer is delinquent in making payments to the Health and Welfare Fund, the Union may strike the Employer to force payments. This provision shall not be subject to and is specifically excluded from the grievance procedure (Article 6). Additionally, in the event the Employer has been found to be delinquent, the Employer shall be required to pay in addition to the actual delinquency, ten percent (10%) of the delinquent amount as liquidated damages, and accountant and attorneys fees and court costs.

9.4(b) The calendar week shall be Sunday through Saturday.

9.5 Any Employer who is found to be in violation of the wage or benefit contribution rates as provided by this Agreement shall deposit with the Office of the Local Union or Trust, as applicable, a Surety Bond to guarantee the payment of such wage and benefit contributions. The amount of the bond shall be $50,000. Determination of the delinquency shall be made by the Trustees of the respective Trust Funds and in the case of wages by the Office of the Union. The Union shall provide written notice to MARBA of any delinquency in wages or fringe benefit contributions as defined herein and the Union will stop providing drives to Employers who are delinquent until said delinquency has been cured.

## ARTICLE 10 - PENSION FUND

### Local 731

10.1(a) The Employer shall pay to the Local 731 Excavators and Pavers Pension Fund (hereinafter called "Pension Fund"), located at 1000 Burr Ridge Parkway, Burr Ridge, Illinois 60527, the sum of $3.30 per hour effective June 1, 2004**, for each hour worked by the employees covered by this Agreement.

28

**There shall be an increase in wages and/or fringe benefits (Health & Welfare Fund and Pension Fund) according to the following schedule. Allocation of these amounts between wages and/or fringe benefit funds shall be determined by the Local Union thirty (30) days prior to the effective date of the increase.

Effective June 1, 2005 ........ $1.60 per hour
Effective June 1, 2006 ........ $1.75 per hour
Effective June 1, 2007 ........ $1.85 per hour
Effective June 1, 2008 ........ $2.00 per hour

10.1(b) The Employer shall also submit a Remittance Report in a form to be furnished by the Administrators of the Health and Welfare and Pension Fund showing the name of each employee employed during the period for which the report is made. The Remittance Form and required contributions shall be submitted each month to the Administrator of each Fund not later than the twentieth (20th) day of the month following the month for which contributions are due.

10.1(c) The Employer agrees that it is bound by and is a party to the Trust Agreements creating the Health and Welfare Fund and the Pension Fund, and all prior and subsequent amendments thereto, as if it had signed the original copy of each of the said Trust Agreements, both of which said Agreements being incorporated herein by reference and made a part hereof; the Employer hereby designates as its representatives on the Board of Trustees of said Funds such Trustees as are named in said Agreements and Declarations of Trust, as Employer Trustees, together with their successors selected in the manner provided in said Agreements and Declarations of Trust, as they may be amended from time to time; and further, agrees to be bound by all action taken by said Employer Trustees regarding and pursuant to the said Agreements and Declarations of Trust as amended from time to time.

29

**10.1(d) Penalty for Failure to Pay Pension:** The Employer recognizes the necessity of making prompt Pension contributions when required, the possibility that employee's benefit standing could be placed in jeopardy if required contributions are not timely made, and the concern of the Union that all eligible employees are covered by such required contributions.

Whenever the Employer is delinquent in making required payments to the Pension Funds, the Union may strike the Employer to force required payments. This provision shall not be subject to and is specifically excluded from the grievance procedure (Article 6). If an Employer fails to pay any required contributions due in accordance with this Article, the Trustees of the respective Fund may assess the Employer a penalty of ten percent (10%) of the required contributions due as liquidated damages in addition to all reasonable attorney fees, accountant fees and cost of collection.

### Local 786

**10.2(a)** Effective June 1, 2004**, the Employer shall contribute to the Local Union 786 Building Material Pension Fund the sum of $100.00 per week per employee who appears on the payroll at least two (2) days in any calendar week, regardless of the number of hours worked; provided the employee has been on the Employer's payroll at least thirty (30) days.

**There shall be an increase in wages and/or fringe benefits (Health & Welfare Fund and Pension Fund) according to the following schedule. Allocation of these amounts between wages and/or fringe benefit funds shall be determined by the Local Union thirty (30) days prior to the effective date of the increase.

| Effective June 1, 2005 | $1.60 per hour |
| Effective June 1, 2006 | $1.75 per hour |
| Effective June 1, 2007 | $1.85 per hour |
| Effective June 1, 2008 | $2.00 per hour |

Contributions shall also be made for the weeks of paid vacation but not if the employee's vacation time occurs

30

during a period of layoff, leave of absence, or illness. The contributions for each employee shall not exceed 52 weeks in any calendar year.

**10.2(b)** The Pension Program shall be administered by four (4) Trustees appointed by the Northern Illinois Ready Mix and Material Association and four (4) Trustees appointed by the Union, who shall jointly administer the Pension Fund as provided in the Trust Agreement and any and all other agreements to be jointly executed by the parties thereto, all of which shall be in accordance with the provisions of the Labor Management Relations Act of 1947 and shall qualify under the appropriate provisions of the Internal Revenue Code of 1948, as amended, so as to insure that the Employer contributions thereto will be deductible as ordinary business expenses for income tax purposes.

**10.2(c)** The Trust Agreement and Pension Agreement jointly entered into and executed shall be considered as part of this Agreement.

**10.2(d)** Employer hereby agrees to be bound by the Agreement and Declaration of Trust creating said Pension Fund and by any future amendments thereto, other than that the Trustees shall have no right to amend the Trust Agreement changing the amounts of contribution required under this contract and hereby designates as its representatives on the Board of Trustees, such Trustees as are named in this Agreement and Declaration of Trust, as Employer Trustees, together with their successors selected in the manner provided in said Agreement, and said Declaration of Trust as it may be amended from time to time; and further agrees to be bound by all action taken by said Employer Trustees pursuant to the said Agreement and Declaration of Trust as amended from time to time. If an Employer fails to pay any contributions due in accordance with this Article, the Trustees of said Fund may assess the Employer a penalty of 50% of the contributions due in addition to all reasonable attorney's fees and costs of collection and audit.

31

10.2(e) The obligation to make Health and Welfare and Pension contributions shall continue during periods when a new collective bargaining agreement is being negotiated unless there is a work stoppage or lockout.

**Locals 179, 301, 330, 673 AND 705**

10.3(a) *FOR LOCAL 179* - Effective June 1, 2004**, the Employer shall pay the sum of $132.00 per week per employee into a Trust Fund for the purpose of providing pension benefits to employees covered by this Agreement.

*FOR LOCAL 301* - Effective June 1, 2004**, the Employer shall pay the sum of $180.00 per week per employee into a Trust Fund for the purpose of providing pension benefits to employees covered by this Agreement.

*FOR LOCAL 330* - Effective June 1, 2004**, the Employer shall pay the sum of $124.00 per week per employee into a Trust Fund for the purpose of providing pension benefits to employees covered by this Agreement.

*FOR LOCAL 673* - Effective June 1, 2004**, the Employer shall pay the sum of $124.00 per week per employee into a Trust Fund for the purpose of providing pension benefits to employees covered by this Agreement.

*FOR LOCAL 705* - Effective June 1, 2004**, the Employer shall pay the sum of $181.00 per week per employee into a Trust Fund for the purpose of providing pension benefits to employees covered by this Agreement.

**There shall be an increase in wages and/or fringe benefits (Health & Welfare Fund and Pension Fund) according to the following schedule. Allocation of these amounts between wages and/or fringe benefit funds shall be determined by the Local Union thirty (30) days prior to the effective date of the increase.

32

---

Effective June 1, 2005 ......... $1.60 per hour
Effective June 1, 2006 ......... $1.75 per hour
Effective June 1, 2007 ......... $1.85 per hour
Effective June 1, 2008 ......... $2.00 per hour

*FOR LOCALS 179, 301, 330 AND 673* - A calendar week is Sunday through Saturday. Starting with the first worked day of the week, the Employer will pay 25% of the weekly contribution for each day the employee worked, with a cap of four (4) days.

*FOR LOCAL 705* - A calendar week is Sunday through Saturday. The Employer shall pay into the Pension Fund the amount per week stated in Article 10 (Pension) for each regular employee covered by this Agreement who performs work on any two (2)-calendar days in any calendar week.

10.3(b) The method of paying and calculating such contributions, excepting only as to amounts, shall be in accordance with the provisions set forth above with respect to Health and Welfare payments. The Pension Trust shall be administered by a Board of Trustees in accordance with the Trust Agreement.

10.3(c) The Employer agrees that it is bound by and is a party to the Trust Agreements creating the Health and Welfare Fund and the Pension Fund, and all prior and subsequent amendments thereto, as if it had signed the original copy of each of the said Trust Agreements, both of which said Agreements being incorporated herein by reference and made a part hereof; the Employer hereby designates as its representatives on the Board of Trustees of said Funds such Trustees as are named in such Agreements and Declarations of Trust, as Employer Trustees, together with their successors selected in the manner provided in said Agreements and Declarations of Trust, as they may be amended from time to time; and further, agrees to be bound by all action taken by said Employer Trustees regarding and pursuant to the said Agreements and Declarations of Trust as amended from time to time.

33

**10.3(d) Penalty for Failure to Pay Pension:** The Employer recognizes the necessity of making prompt Pension contributions, the possibility that employee's benefit standing will be placed in jeopardy if contributions are not timely made, and the concern of the Union that all eligible employees are covered by such contributions.

Whenever the Employer is delinquent in making payments to the Pension Funds, the Union may strike the Employer to force payments. This provision shall not be subject to and is specifically excluded from the grievance procedure, Article 6. If an Employer fails to pay any contributions due in accordance with this Article, the Trustees of the respective Fund may assess the Employer a penalty of 10% of the contributions due as liquidated damages in addition to all reasonable attorney fees, accountant fees and cost of collection.

**10.4(a)** Article 10.4(b) shall apply to all Locals, *(except Local 786)* and become a part of each Local's Pension Fund.

**10.4(b)** The Employer recognizes the necessity of making prompt Pension contributions, the possibility that employee's benefit standing will be placed in jeopardy if contributions are not timely made, and the concern of the Union that all eligible employees are covered by such contributions.

Whenever the Employer is delinquent in making payments to the Pension Funds, the Union may strike the Employer to force payments. This provision shall not be subject to and is specifically excluded from the grievance procedure, Article 6. If an Employer fails to pay any contributions due in accordance with this Article, the Trustees of the respective Fund may assess the Employer a penalty of ten percent (10%) of the contributions due as liquidated damages in addition to all reasonable attorney fees, accountant fees and cost of collection.

34

**10.5** Any Employer who is found to be in violation of the wage or benefit contribution rates as provided by the Agreement shall deposit with the Office of the Local Union or Trust, as applicable, a Surety Bond to guarantee the payment of such wage and benefit contributions. The amount of the bond shall be $50,000. Determination of the delinquency shall be made by the Trustees of the respective Trust Funds and in the case of wages by the Office of the Union. The Union shall provide written notice to MARBA of any delinquency in wages or fringe benefit contributions as defined herein and the Union will stop providing drivers to Employers who are delinquent until said delinquency has been cured.

## ARTICLE 11 - CHECK-OFF

**11.1** Upon receipt of a written authorization from the employee on a form provided by the Union, the Employer agrees to deduct initiation fees and reinitiation fees and monthly Union dues from the pay of each such employee in the amount and manner prescribed by the Union in accordance with its Constitution and By-Laws, and shall remit same to the Union within ten (10) days from its collection.

**11.2** The Union shall indemnify, defend, and save the company harmless against any and all claims, demands, suits and other forms of liability that shall arise out of or by reason of action taken, or not taken by the company for the purpose of complying with any provisions of this Article or reliance upon any list, notices, or assignments furnished under this Article.

## ARTICLE 12 - WORKING HOURS AND OVERTIME

**12.1** Eight (8) continuous hours (not including meal period referred to Article 12.7) shall constitute a work day. Forty (40) straight-time hours, Monday through Saturday, shall constitute a workweek, without regard

35

In witness whereof the parties have hereunto set their hands this _____ day of _____, 2005.

LOCAL 179, LOCAL 301, LOCAL 330, LOCAL 673, LOCAL 705, LOCAL 731 AND LOCAL 786 INTERNATIONAL BROTHERHOOD OF TEAMSTERS JOINT COUNCIL NO. 25

By: _____
Terrence J. Hancock
Joint Council No. 25
Construction Coordinator

BUILDERS ASSOCIATION OF GREATER CHICAGO, CHICAGO OUTER BELT CONTRACTORS ASSOCIATION, FOX VALLEY GENERAL CONTRACTORS ASSOCIATION, ILLINOIS ROAD BUILDERS ASSOCIATION, LAKE COUNTY CONTRACTORS ASSOCIATION and UNDERGROUND CONTRACTORS ASSOCIATION, by their bargaining representative MID-AMERICA REGIONAL BARGAINING ASSOCIATION

By: _____
John Healy, Chairperson

By: _____
Michael Wolff, Chairperson

58

---

▼▼ **FOR NON-ASSOCIATION** ▼▼
**EMPLOYERS**

The above Agreement is hereby adopted in its entirety this 21 day of November, 20 06 by and between Ro Har Trucking Inc. herein referred to in the above Agreement as the "EMPLOYER" and Local Union No. 786, affiliated with the International Brotherhood of Teamsters, herein referred to in the above Agreement as the "UNION."

AGREED:

**FOR THE EMPLOYER:**
BY: _[signature]_
Print Full Name  Rolan Hanson
Name of Employer  RoHar Trucking, Inc.
DATE: 11 / 21 / 06

**FOR THE UNION:**
BY: _[signature]_
Print Full Name  Michael E. Yauger
Title  Recot
DATE: 11 / 21 / 06

59





# LEGACY
## PROFESSIONALS LLP
CERTIFIED PUBLIC ACCOUNTANTS

April 3, 2008

Building Material Chauffeurs, Teamsters and
  Helpers Welfare Fund of Chicago and
Local Union 786 Building Material Pension Fund
300 South Ashland Avenue
Chicago, Illinois 60607

## PAYROLL AUDIT REPORT

| | |
|---|---|
| Employer Name | Rohar Trucking Company |
| Employer No. | 10531 |
| Address | 1365 Wiley Road, Suite 147 |
| | Schaumburg, IL 60173 |
| Payroll Audit Date | April 1, 2008 |
| Period Examined | February 1, 2007 to December 31, 2007 |

Employer representative, if any, present at the time of the payroll audit:

| | |
|---|---|
| Linda Spadafino | Accountant |
| Name | Title |

| | |
|---|---|
| Audit Location | 1365 Wiley Road, Suite 147 |
| | Schaumburg, IL 60173 |

Summary of reason for under reported or over reported contributions

Employer under & over reported weeks worked.
Employer did not report all employees that were
  performing covered work.

  13,639.13   Is due to ( from ) the Building Material Welfare Fund

   4,504.12   Is due to ( from ) the Building Material Pension Fund

Claudia Tonelli
Payroll Auditor(s)

30 North LaSalle Street | Suite 4200 | Chicago, IL 60602 | 312.368.0500 | 312.368.0746 Fax | www.legacycpas.com



# LEGACY
## PROFESSIONALS LLP
### CERTIFIED PUBLIC ACCOUNTANTS

## PAYROLL AUDIT SUMMARY

Board of Trustees
 Building Material Chauffeurs, Teamsters and
 Helpers Welfare & Pension Funds of Chicago
300 South Ashland Avenue
Chicago, IL 60607

Payroll Audit Of          Rohar Trucking Company

Period Covered           February 1, 2007 to December 31, 2007

|  | Health & Welfare | Pension |
|---|---|---|
| 2007 | 12,231.00 | 3,096.00 |
| Total discrepancies: | 12,231.00 | 3,096.00 |
| Prior Interest: |  |  |
| Payroll Audit Fee: | 1,408.13 | 1,408.12 |
| Total Amount due : | 13,639.13 | 4,504.12 |

30 North LaSalle Street  |  Suite 4200  |  Chicago, IL 60602  |  312.368.0500  |  312.368.0746 Fax  |  www.legacycpas.com

# Local 786 Building Materials

Welfare & Pension Funds

Schedule of Discrepancies & (Credits) for 2007

| Employer Name : | Rohar Trucking Company |
| --- | --- |
| Employer # : | 10531 |
| Address : | 1365 Wiley Road, Suite 147 |
| | Schaumburg, IL 60173 |
| Contact : | Linda Spadafino |
| Telephone # : | 847-882-7750 |

Date of Audit :   April 1, 2008

Payroll Audit Period :
February 1, 2007 to December 31, 2007

Claudia Tonelli
Payroll Auditor(s)

| Soc. Sec # | Employee | Date Hired | Date Term | Fund | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Janikowski, Michael | 4/15/07 | 4/28/07 | Welfare | | | | 2 | | | | | | | | | 2 |
| | | | | Pension | | | | | | | | | | | | | |
| 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 | Johnson, Brian | 5/6/07 | 7/7/07 | Welfare | | | | | 3 | 5 | | | | | | | 8 |
| | | | | Pension | | | | | | 4 | | | | | | | 4 |
| 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 | Britton, Ned | 7/15/07 | 9/8/07 | Welfare | | | | | | | 2 | 4 | 2 | | | | 8 |
| | | | | Pension | | | | | | | | 2 | 2 | | | | 4 |
| 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 | Kusk, Denise | 9/9/07 | 10/13/07 | Welfare | | | | | | | | | 3 | 2 | | | 5 |
| | | | | Pension | | | | | | | | | | 1 | | | 1 |
| 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 | Nielson, Dale | 10/14/07 | 11/3/07 | Welfare | | | | | | | | | | 2 | 1 | | 3 |
| 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 | Belyew, David | 12/9/07 | N/A | Welfare | | | | | | | | | | | | 2 | 2 |
| 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 | Mireles, Santos | 3/4/07 | | Welfare | | | 2 | | (1) | | | | | | | | 1 |
| | | | | Pension | | | 2 | | (1) | | | | | | | | 1 |
| 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 | Rockford, Kenneth | 2/25/07 | | Welfare | | | 3 | | (1) | | | | | | | | 2 |
| | | | | Pension | | | 3 | | (1) | | | | | | | | 2 |
| | | | | Total Welfare | | | 5 | 2 | 1 | 5 | 2 | 4 | 5 | 4 | 1 | 2 | 31 |
| | | | | Total Pension | | | 5 | | (2) | 4 | | 2 | 2 | 1 | | | 12 |

| 2007 | | | | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | 6/1/06 | 6/1/07 | | 267.00 | | 1,335.00 | 534.00 | 267.00 | 1,365.00 | 546.00 | 1,092.00 | 1,365.00 | 1,092.00 | 273.00 | 546.00 | 8,415.00 |
| Pension | 273.00 | 152.00 | | 120.00 | | 600.00 | | (240.00) | 608.00 | | 304.00 | 304.00 | 152.00 | | | 1,728.00 |
| | | | Total | | | 1,935.00 | 534.00 | 27.00 | 1,973.00 | 546.00 | 1,396.00 | 1,669.00 | 1,244.00 | 273.00 | 546.00 | 10,143.00 |

# Local 786 Building Materials

Welfare & Pension Funds

Schedule of Discrepancies & (Credits) for 2007

| Employer Name : | Rohar Trucking Company |
| --- | --- |
| Employer # : | 10531 |
| Address : | 1365 Wiley Road, Suite 147<br>Schaumburg, IL 60173 |
| Contact : | Linda Spadafino |
| Telephone # : | 847-882-7750 |

Date of Audit : April 1, 2008

Payroll Audit Period : February 1, 2007 to December 31, 2007

Claudia Tonelli
Payroll Auditor(s)

| Soc. Sec # | Employee | Date Hired | Date Term | Fund | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 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 | Zarate, Alfredo Luna | 3/4/07 | | Welfare | | | 2 | (1) | (1) | | | | | | | | |
| | | | | Pension | | | 2 | (1) | (1) | | | | | | | | |
| 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 | Mireles, Santons III | 4/1/07 | 4/7/07 | Welfare | | | | 1 | | | | | | | | | 1 |
| | | | | Pension | | | | | | | | | | | | | |
| 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 | Contreras, Nicolas | 9/16/07 | | Welfare | | | | | | | | | 2 | 4 | 4 | 3 | 13 |
| | | | | Pension | | | | | | | | | | 2 | 4 | 3 | 9 |
| | | | | Welfare | | | | | | | | | | | | | |
| | | | | Pension | | | | | | | | | | | | | |
| | | | | Welfare | | | | | | | | | | | | | |
| | | | | Pension | | | | | | | | | | | | | |
| | | | | Welfare | | | | | | | | | | | | | |
| | | | | Pension | | | | | | | | | | | | | |
| | | | | Welfare | | | | | | | | | | | | | |
| | | | | Pension | | | | | | | | | | | | | |
| | | | | Total Welfare | | | 2 | (1) | (1) | | | | 2 | 4 | 4 | 3 | 14 |
| | | | | Total Pension | | | 2 | (1) | (1) | | | | | 2 | 4 | 3 | 9 |

| | 2007 | | | | | | | | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Welfare | 6/1/06 | 6/1/07 | | | | | 534.00 | | (267.00) | | | | | 1,092.00 | 1,092.00 | 819.00 | 3,816.00 |
| | 267.00 | 273.00 | | | | | | | | | | | | | | | |
| Pension | 120.00 | 152.00 | | | | | 240.00 | (120.00) | (120.00) | | | | | 304.00 | 608.00 | 456.00 | 1,368.00 |
| | | | Total | | | | 774.00 | (120.00) | (387.00) | | | | 546.00 | 1,396.00 | 1,700.00 | 1,275.00 | 5,184.00 |



# TEAMSTERS LOCAL UNION 786 BUILDING MATERIALS

## WELFARE AND PENSION FUNDS

300 SOUTH ASHLAND AVENUE ▪ Suite 501 ▪ Telephone 312.666.1875 ▪ Fax 312.666.2258
CHICAGO, ILLINOIS 60607

April 18, 2008

ROHAR TRUCKING
1365 WILEY RD, SUITE 147
SCHAUMBURG, IL 60173



PLAINTIFF'S EXHIBIT 3

Employer # 10531-10531

Dear Employer:

Please find listed below the results of the recent payroll audit performed by Legacy Professionals, LLP. A detailed copy of the audit is enclosed for your convenience.

| | | |
|---|---|---|
| -Due to the Building Material Welfare Fund: | Audit: | $12,231.00 |
| | Interest: | $_ |
| | Audit Fees: | $1,408.13 |
| | **Total Due:** | **$13,639.13** |
| -Due to the Building Material Pension Fund: | Audit: | $3,096.00 |
| | Interest: | $_ |
| | Audit Fees: | $1,408.12 |
| | **Total Due:** | **$4,504.12** |

If you believe these amounts owed are in error, please provide the basis for which you are disputing these amounts in writing along with any supporting documentation. Otherwise, submit these amounts to the Fund office within 30 days. Please remit separate checks to each Fund for the amounts listed above. If there is a credit due, please take the credit on your next month's billing report.

If you have any questions regarding this audit, please contact the Fund office.

Very truly yours,

*[signature: Jeffrey W. Hoff]*

Jeffrey W. Hoff
Administrator
JWH/rtp
Encl





# TEAMSTERS LOCAL UNION 786 BUILDING MATERIALS

## WELFARE AND PENSION FUNDS

300 SOUTH ASHLAND AVENUE ▪ Suite 501 ▪ Telephone 312.666.1875 ▪ Fax 312.666.2258
CHICAGO, ILLINOIS 60607

May 19, 2008

ROHAR TRUCKING
1365 WILEY RD, SUITE 147
SCHAUMBURG, IL 60173



Re: Payroll Audit
Employer # 10531-10531

Dear Employer:

Previously you were advised that as a result of a recently conducted payroll audit you were delinquent to the Building Material Welfare and Pension Funds in the following amounts:

| Welfare Fund | Pension Fund |
|---|---|
| **$13,639.13** | **$4,504.12** |

If payment of these amounts or an explanation as to why you believe you do not owe the above amounts are not received in the Fund office by **June 9, 2008**, this matter will be turned over to the Fund counsel to initiate legal proceedings.

You should be aware that interest at the rate of 18% is automatically being added to the delinquent amount. Additionally, if litigation is necessary, the legal, audit, court fees and liquidated damages will be added to the amount due.

We urge you to avoid unnecessary expenses and forward payment immediately. I have enclosed a copy of the detailed audit for your convenience along with the initial notice sent on April 18, 2008.

Please make separate checks for each Fund owed.

If you have any questions, please call the Fund office.

Sincerely,

Board of Trustees

Enclosure: Audit

